USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 30 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

SHAMAINE D. NIALS and MATTHEW A. NIALS
                Plaintiffs,

-v-

BANK OF AMERICA, ET AL.
                Defendants.
-------------------------------------------------------------- X

13 Civ. 5720 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

On March 21, 2014, the Court issued an order dismissing the claims asserted in this matter against the FDIC and the claims arising under federal law. (Dkt. No. 32). The Court reserved judgment on the motion to dismiss as to the arguments Defendants raised for dismissal of Plaintiffs' state law claims because it was unclear whether jurisdiction over those claims arose as a matter of diversity or were before the Court solely pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. On April 4, 2014, Defendants submitted a letter establishing that diversity jurisdiction applied to this matter, as Plaintiffs were both citizens of New York whereas Defendants were citizens of North Carolina, Ohio, Washington, D.C., Delaware, and Virginia. (Dkt. No. 33). Defendants urged the Court to dismiss the remainder of Plaintiffs' claims.

The factual allegations underlying the claims in this action and the legal standard applicable to the motions to dismiss are summarized in the Court's March 21, 2014, decision and familiarity with that decision is assumed.[1] The following claims were not addressed by the Court's previous decision: (1) violation of New York General Business Law § 349; (2) conspiracy to defraud; (3) quiet title; (4) "Fraudulent/Unconscionable bargain"; (5) fraud in the

---

[1] For the same reasons discussed in that decision, any dismissal of claims in this decision is with prejudice.

factum; (6) fraud in the concealment; (7) fraud in the inducement; (8) intentional infliction of emotional stress; (9) "Asserting claims to the title of property in this action by false pretenses"; (10) slander of title; (11) "malicious dispossession of private property"; (12) declaratory relief; (13) rescission; and (14) "Deceptive Bargaining & Fiduciary Malfeasance." (Compl. at 5, 10, 14-15, 17).

I.   ANALYSIS

A. Quiet Title

Defendants move to dismiss Plaintiffs' quiet title claim. A complaint to quiet title must plead "(i) the nature of the plaintiff's interest in the real property and the source of this interest; (ii) that the defendant claims or appears to claim an interest in the property adverse to the plaintiff's interest, and the nature of the defendant's interest; (iii) whether any defendant is known or unknown and whether any defendant is incompetent; and (iv) whether all interested parties are named and whether the judgment will or might affect other persons not ascertained at the commencement of the action." *Neely v. RMS Residential Mortg. Solution, L.L.C.*, No. 12-cv-1523, 2013 U.S. Dist. LEXIS 26978, at *39-40 (E.D.N.Y. Feb. 26, 2013); *see* N.Y. R.P.A.P.L. § 1515(1). Alternatively, Plaintiffs may also bring an equitable quiet title claim, which requires alleging "actual or constructive possession of the property and the existence of a removable 'cloud' on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative." *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 417-18 (S.D.N.Y. 2010) (noting also that the statutory and equitable remedies are mostly the same).

The Court addresses only those arguments raised by the parties.[2] In particular, JPMorgan argues that Plaintiffs have failed to plead this claim in two respects. First, it argues that Plaintiffs have not alleged that any party is claiming a superior interest in Plaintiffs' property because Defendants are not under an obligation to discharge the mortgage and note until Plaintiffs have satisfied the lien by paying off the mortgage and note. (JPMorgan Mem. at 3). Second, JPMorgan contends that Defendants have "no obligation to present Plaintiffs with proof that they own the Note, as this is not a foreclosure action." (JPMorgan Mem. at 3).

JPMorgan's arguments are unpersuasive. As to JPMorgan's claim that it need not prove it owns the note because this is not a foreclosure action, none of the cases that JPMorgan relies on establishes this proposition. While JPMorgan cites cases holding that a foreclosing party must prove it owns the note in order to have standing in a foreclosure proceeding, *see US Bank Natl. Assn. v Cange*, 96 A.D.3d 825, 826-27 (N.Y. App. Div. 2d Dep't 2012); *Wells Fargo Bank, N.A. v McNee*, No. 100566/08, 2011 N.Y. Misc. LEXIS 5962, at *10-11 (N.Y. Sup. Ct. Nov. 28, 2011); *Wells Fargo Bank v Siddiqui Group of Companies, LLC*, No. 12806-11, 2012 N.Y. Misc. LEXIS 2448, at *20-21 (N.Y. Sup. Ct. May 9, 2012), it is a basic logical fallacy to extrapolate from this rule that foreclosure is the *only* context in which a party may be required to prove its interest in a property based on a mortgage or note.[3] *See Honig v US Bank N.A.*, 40 Misc. 3d 1214(A), 1214A (N.Y. Sup. Ct. 2013) ("This is not a foreclosure action and the trustee's standing is not at issue. But plaintiffs' causes of action seeking to quiet title and invalidate the assignment of the Mortgage require the same detailed evidence of the trustee's status as the holder and owner

---

[2] In particular, although they have generally contended that securitization is not unlawful, Defendants have not argued that, as a matter of law, this securitization did not divest them of an interest in Plaintiffs' property and, therefore, the Court has no occasion to resolve that issue now.

[3] Moreover, the Court notes that Plaintiffs' Complaint alleges no fewer than six times that Plaintiffs have been subject to foreclosure proceedings. (Compl. ¶¶ 32, 52, 54, 56, 63-64).

3

of the Note."); *cf. also Barberan*, 706 F. Supp. 2d at 420 (refusing to dismiss quiet title action as to two defendants based on plaintiffs' allegations that "'none of the Defendants' are owners or holders of the Note"; that the note was discharged by its alteration, cancellation, or renunciation; and that it had not been assigned by the lender).

JPMorgan's other argument fares no better. As the Court's previous opinion discussed, the gravamen of Plaintiffs' claims is that Defendants surrendered their interest in Plaintiffs' mortgages and notes, and therefore Plaintiffs' property, through the securitization arrangement. As a result, Plaintiffs theory is not that Defendants are required to discharge the mortgage and note because Plaintiffs have satisfied it. Rather, Plaintiffs' position is that Defendants simply have no interest in Plaintiffs' property through the mortgage and note regardless of whether Plaintiffs have satisfied the lien. Quiet title claims have been sustained on similar theories. *Cf. Caraballo v. Homecomings Fin.*, No. 12-cv-3127, 2014 U.S. Dist. LEXIS 69942, at *6 (S.D.N.Y. May 21, 2014) ("This case asks . . . whether any entity holds a valid security interest in a property after the MERS-assigned mortgage securing that property is purportedly separated from the underlying note."); *Knox v. Countrywide Bank*, 2014 U.S. Dist. LEXIS 32229, at *32-33 (E.D.N.Y. Mar. 12, 2014) (noting that the purpose of the statutory quiet title action is to determine "any" claim against the plaintiffs' interest in a property, and that the fact that plaintiff executed the mortgage he now seeks to remove does not deprive him of the right to maintain the action); *Honig*, 40 Misc. 3d at 1214(A) (quiet title claim based on allegedly invalid assignment of mortgage); *3021 Corp. v. Napoli*, 49 N.Y.S.2d 399, 400 (N.Y. Sup. Ct. 1944) (finding complaint stated action for quiet title where plaintiff alleged that the mortgage "is not a valid and subsisting lien against its premises and that said defendant is not the actual owner and holder thereof"). *But cf. Tamir v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 122033, at *17-18

(E.D.N.Y. Aug. 27, 2013) (declining supplemental jurisdiction but also suggesting that plaintiff had not adequately pleaded a quiet title action by "simply disputing which entity holds a security interest in the property" where she had not alleged the unenforceability of the mortgage and faced no imminent injury sufficient to warrant determination of the validity of the assignment of the mortgage). Based on the arguments before the Court at this stage, the Court denies the motion to dismiss as to Plaintiffs' quiet title claim.

### B. New York General Business Law § 349

Defendants also urge the Court to dismiss Plaintiffs' claim under New York General Business Law § 349. Liberally construing Plaintiffs' Complaint, the Court understands this claim to be based on Plaintiffs' allegations that Defendants are falsely asserting an interest in their property despite their alleged lack of any such interest due to the securitization of the Plaintiffs' mortgage.[4] The elements of a claim under New York General Business Law § 349 are that the defendant has engaged in conduct that was (1) consumer oriented; (2) deceptive or misleading in a material way; and (3) the plaintiff suffered injury as a result. *Enviromental Servs. v. Recycle Green Servs.*, No. 13-cv-4568, 2014 U.S. Dist. LEXIS 40486, at *32-33 (E.D.N.Y. Mar. 25, 2014); *Crawford v. Franklin Credit Mgmt.*, No. 08-cv-6293, 2011 U.S. Dist. LEXIS 31241, at *34 (S.D.N.Y. Mar. 23, 2011). This claim is distinct from a fraud claim and is not subject to the pleading requirements of Rule 9(b). *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) ("[A]n action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b) . . . .").

---

[4] To the extent that the Court might construe this claim as relating to the issuance of the mortgage or note, Plaintiffs have not pleaded facts to support this allegation and, regardless, the statute of limitations would bar such claims because these acts occurred in or around 2002. *Escano v. Freemont Inv. & Loan*, No. 13-cv-1575, 2013 U.S. Dist. LEXIS 172610, at *11-12 (S.D.N.Y. Dec. 6, 2013) (noting three year statute of limitations that accrues at the time of injury).

5

Plaintiffs' claim for a violation of § 349 fails because they have not pleaded that Defendants have engaged in consumer-oriented conduct. This litigation concerns a private dispute between Plaintiffs and Defendants as to the title of a particular piece of property and mortgages and notes relevant to only the parties of this litigation. Several New York courts considering similar claims have held that they did not adequately plead this element of § 349 and rejected such claims. *See, e.g., Wright v Bank of America, N.A.*, No. 153533/12, 2013 N.Y. Misc. LEXIS 5701, at *1, 13-14 (N.Y. Sup. Ct. Dec. 4, 2013) (dismissing § 349 claim in case where the plaintiff alleged that their promissory note was securitized and, as a result, it was not clear that defendants owned the note, because plaintiffs failed to demonstrate that defendants' acts have a broader impact on consumers at large rather than merely constituting a private contract dispute unique to the parties); *Smith v. Bank of New York Mellon Corp.*, No. 154346/2012, 2013 N.Y. Misc. LEXIS 5638, at *1, 19-20 (N.Y. Sup. Ct. Dec. 2, 2013) (same); *Chomicki v Bank of Am., N.A.*, No. 100481/2012, 2013 N.Y. Misc. LEXIS 1204, at *19-20 (N.Y. Sup. Ct. Mar. 21, 2013); *cf. also Angermeir v. Cohen*, No. 12-cv-55, 2014 U.S. Dist. LEXIS 42403, at *59-60 (S.D.N.Y. Mar. 27, 2014) ("Plaintiffs' allegations primarily concern injuries they sustained from the allegedly fraudulent lawsuits Defendants filed against them individually."); *Enviromental Servs.*, 2014 U.S. Dist. LEXIS 40486, at* 32-33 (noting that private contract disputes do not fall within § 349); *Campbell v. Bank of N.Y. Trust Co., N.A.*, No. 11-cv-1588, 2012 U.S. Dist. LEXIS 100595, at *26-29 (S.D.N.Y. May 8, 2012); *Ng v. HSBC Mortg. Corp.*, No. 07-cv-5434, 2011 U.S. Dist. LEXIS 88549, at *18-19 (E.D.N.Y. Aug. 10, 2011) (granting summary judgment, noting that the complaint alleged only harm to the plaintiff and the allegation of broader public harm was based only on conjecture and speculation); *Cross v. State Farm Ins. Co.*, No. 10-cv-1179, 2011 U.S. Dist. LEXIS 119546, at *12-13 (N.D.N.Y

Oct. 17, 2011) (speculation that others had been treated in a similar fashion did not state plausible § 349 claim); *Gin v Bank of Am., N.A.*, No. 157378/12, 2013 N.Y. Misc. LEXIS 3189, at *7-8 (N.Y. Sup. Ct. May 30, 2013); *M & T Bank Corp. v. Gemstone CDO VII, Ltd.*, 23 Misc. 3d 1105(A), 1105A (N.Y. Sup. Ct. 2009) (rejecting § 349 claim because it reflected a private dispute). There are no allegations in the Complaint that plead that Defendants have engaged in a broad pattern of conduct directed at the consuming public or that this dispute is anything but a disagreement between the parties to this litigation. Plaintiffs' § 349 claim is, therefore, dismissed.

### C. Fraud Claims

Many of Plaintiffs' remaining state law claims sound in fraud and, therefore, are properly dismissed for the same reasons that the Court dismissed Plaintiffs' RICO claim: failure to adequately plead fraud under Rule 9(b). *See, e.g.*, *Breiner v. Stone*, No. 96-9091, 1997 U.S. App. LEXIS 19236 (2d Cir. July 25, 1997) (dismissing claim for fraudulent concealment) *Glaxosmithkline LLC v. Beede*, No. 13-cv-00001, 2014 U.S. Dist. LEXIS 28663, at *18-21 (N.D.N.Y Mar. 6, 2014) (dismissing claims for fraud and fraudulent inducement); *Abraham v. Am. Home Mortg. Servicing*, 947 F. Supp. 2d 222, 230 (E.D.N.Y. 2013) (conspiracy to defraud claim failed to satisfy Rule 9(b)); *Eames v. Dennis*, No. 04-cv-894S, 2007 U.S. Dist. LEXIS 23775, at *15-17 (W.D.N.Y. Mar. 30, 2007) (granting summary judgment on fraud in the factum claim). Plaintiffs' claims for conspiracy to defraud, "Fraudulent/Unconscionable bargain,"[5] fraud in the factum, fraud in the concealment, and fraud in the inducement are dismissed.

---

[5] To the extent that Plaintiffs intend to plead that some unspecified contract to which they are a party—presumably their mortgage or loan agreements—is unconscionable, they have failed to allege any facts in support of this claim. *See, e.g.*, *Gill v. World Inspection Network Int'l, Inc.*, No. 06-cv-3187, 2006 U.S. Dist. LEXIS 52426, at *18-29 (E.D.N.Y. July 31, 2006) (discussing the nature of unconscionability, including procedural and substantive unconscionability).

### D. Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121-22 (1993) (explaining that liability is found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Plaintiffs have not alleged facts plausibly supporting either the first or second elements of this tort and, therefore, this claim is dismissed.

### E. Slander of Title

"To state a claim for slander of title under New York law, a plaintiff must allege (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages." *Abraham*, 947 F. Supp. 2d 222, 236 (quotation marks omitted). New York law also requires that Plaintiff demonstrate that the statements are made with "malice" or "at least a reckless disregard for their truth or falsity." *Int'l Group, LLC v. Padilla*, No. 11-cv-6622, 2012 U.S. Dist. LEXIS 157730, at *23-24 (W.D.N.Y. Oct. 31, 2012); *Rushing v. Nexpress Solutions, Inc.*, No. 05-cv-6243 2009 U.S. Dist. LEXIS 2310, at *16-19 (W.D.N.Y. Jan. 13, 2009); *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-cv-6017, 2007 U.S. Dist. LEXIS 71246, at *33-38 (S.D.N.Y. Sept. 24, 2007); *Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 756 (N.Y. App. Div. 3d Dep't 2005). Plaintiffs have pleaded no facts that plausibly suggest the intent element of a slander of title claim. Their slander of title claim is, therefore, dismissed.

### F. "Malicious Dispossession of Private Property"

Plaintiffs also raise a claim that they characterize as for "malicious dispossession of private property." The allegations of the Complaint are unrevealing as to the nature of or basis for this claim. The Complaint does not suggest any actual interference with Plaintiffs' possession, use, or enjoyment of their property—the sole allegation relating to this purported claim is its assertion in the few words just quoted. Such a conclusory statement does not suffice to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Ogbon v. Beneficial Credit Servs.*, No. 10-cv-03760, 2011 U.S. Dist. LEXIS 11615, at *5 (S.D.N.Y. Feb. 1, 2011); *cf. also, e.g.*, 245 A.D.2d 101, 135-36 (N.Y. App. Div. 1st Dep't 1997) (dismissing cause of action for trespass for failure to show an unlawful interference with rights of possession to real property).

### G. "Asserting claims to the title of property in this action by false pretenses"

Plaintiffs also assert a purported cause of action against defendants for "[a]sserting claims to the title of property in this action by false pretenses." The basis for this claim, like Plaintiffs' "malicious dispossession" claim is not entirely clear but, construed liberally, there are a number of potential legal bases for this claim. However, these bases are simply restatements of Plaintiffs' other causes of action. For example, this cause of action could be viewed as a reiteration of Plaintiffs' quiet title claim, alleging that Defendants have wrongfully cast a cloud on Plaintiffs' title to the property at issue in this action. Alternatively, this claim may be a restatement of Plaintiffs' slander of title, fraud, or FCRA claims. The Court will not reiterate its analysis of those claims here.[6] This claim is dismissed.

---

[6] Another interpretation of this claim is that Plaintiffs intended to bring a cause of action not for "asserting" a claim to title in the property by false pretenses but, rather, a claim for "acquiring" title in the property by false pretenses. *See e.g., Johnson v. Melnikoff*, 65 A.D.3d 519, 520-21 (N.Y. App. Div. 2d Dep't 2009). However, there do not appear to be any facts alleged that establish such a cause of action—Plaintiff has provided no allegations that support a conclusion that their mortgage or loan were fraudulently procured by any of the Defendants—and, as a result, such a claim would be subject to dismissal for the same reasons as their claim for rescission.

9

### H. Rescission

The basis for Plaintiffs' claim for rescission is not readily apparent. However, to the extent that Plaintiffs' claim for recession is based on fraud, it too fails to satisfy the requisites of Rule 9(b). *See, e.g., Druck Corp. v. Macro Fund Ltd., IIU*, 290 Fed. Appx. 441, 445 (2d Cir. 2008) (discussing the elements of rescission based on fraud); *Smith v. Educ. People, Inc.*, No. 05-6863, 2008 U.S. App. LEXIS 5988, at *3 (2d Cir. Mar. 20, 2008) (noting the applicability of Rule 9(b) in this context). To the extent that it is based on a theory of innocent or negligent misrepresentation at the time of contracting, mutual mistake, or some other theory, it fails to plead facts suggesting a plausible claim for relief. *See, e.g., Republic of Rwanda v. Ferone*, 307 Fed. Appx. 600, 601-02 (2d Cir. 2009) (discussing elements of mutual mistake as a basis for rescission); *Mackinder v. Schawk, Inc.*, No. 00-cv-6098, 2005 U.S. Dist. LEXIS 15880, at *34-35 (S.D.N.Y. Aug. 2, 2005) (discussing elements of negligent and innocent misrepresentation as a basis for rescission). This claim is dismissed.

### I. "Deceptive Bargaining & Fiduciary Malfeasance."

The Court liberally construes Plaintiffs' claim for "Deceptive Bargaining & Fiduciary Malfeasance" to raise a claim for breach of fiduciary duty. "Under New York law, the elements of a cause of action for breach of fiduciary duty are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Turner v. Temptu Inc.*, No. 11-cv-4144, 2013 U.S. Dist. LEXIS 114298, at *20-21 (S.D.N.Y. Aug. 13, 2013). Plaintiffs have not plausibly alleged any facts giving rise to an inference that any Defendant owed them a fiduciary duty or breach of that duty, and this claim is therefore dismissed.[7]

### J. Declaratory Relief

---

[7] The Court understands Plaintiffs' reference to "deceptive bargaining" to allude, in essence, to their various claims for fraud and rescission. As discussed, no facts are alleged in support of these claims.

10

JPMorgan also argues that Plaintiffs have sought "unspecified declaratory relief" based on "'the facts and circumstances surrounding Plaintiffs' original loan transactions [and] subsequent securitization'" and contends that these allegations sound in fraud and should be dismissed. (JPMorgan Mem. at 4 (quoting Compl. ¶ 12)). This is not how the Court views the request for declaratory relief. Rather, liberally construing the Complaint, the Court concludes that Plaintiffs are requesting declaratory relief that Defendants do not have an interest in Plaintiffs' property, parallel to Plaintiffs' quiet title claim. *See Boniel v. United States Bank N.A.*, No. 12-cv-3809, 2013 U.S. Dist. LEXIS 16247, at *11 (E.D.N.Y. Feb. 6, 2013). For the reasons stated above with regard to the quiet title claim, the Court denies the motion to dismiss as to this request for declaratory relieef.

## II. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss Plaintiffs' claims to quiet title and for declaratory relief are denied. Otherwise, the motions to dismiss are granted and the following claims are dismissed with prejudice: violation of New York General Business Law § 349; conspiracy to defraud; "Fraudulent/Unconscionable bargain"; fraud in the factum; fraud in the concealment; fraud in the inducement; intentional infliction of emotional stress; "Asserting claims to the title of property in this action by false pretenses"; slander of title; "malicious dispossession of private property"; rescission; and "Deceptive Bargaining & Fiduciary Malfeasance." The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order, as well as its previous order addressing the motion to dismiss (Dkt. No. 32), would not be

taken in good faith and, therefore, that in forma pauperis status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 30, 2014
        New York, New York

_____
ALISON J. NATHAN
United States District Judge