UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -:

SHAMAINE D. NIALS and MATTHEW A.   :   13 Civ. 5720 (AJN) (JCF)
NIALS,     :

          Plaintiffs,   :     REPORT AND
      :   RECOMMENDATION
      :

  - against -   :
      :

BANK OF AMERICA, N.A., their   :
assigns, agents, and   :
successors-in-interest, JPMORGAN  :
CHASE BANK, N.A., their assigns,  :
agents, and successors-in-interest,:
FEDERAL DEPOSIT INSURANCE   :
CORPORATION (FDIC), as receiver  :
for WASHINGTON MUTUAL BANK,   :
Henderson, Nevada, MORTGAGE   :
ELECTRONIC REGISTRATIONS SYSTEMS, :
INC. (MERS), FEDERAL NATIONAL  :
MORTGAGE ASSOCIATION (FANNIE MAE), :
and JOHN/JANE DOE 1-INFINITY,  :
unknown to plaintiffs, but sued  :
herein as persons or entities who :
may have unproved/false claims  :
against property in this action,  :
      :

          Defendants.   :

- - - - - - - - - - - - - - - - - - - -:

TO THE HONORABLE ALISON J. NATHAN, U.S.D.J.:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4.22.15

     Shamaine D. Nials and Matthew A. Nials brought this action pro se to quiet title to real property located in Middletown, New York. The defendants have submitted a letter motion seeking dismissal of the action based on the plaintiffs' failure to prosecute and their failure to cooperate in discovery. For the reasons that follow, I recommend that the complaint be dismissed.

Background

Mr. and Ms. Nials commenced this action on or about June 17, 2013 in New York State Supreme Court, Orange County. Thereafter, the defendants removed it to this Court. Construing the complaint liberally, the plaintiffs originally brought four causes of action. Specifically, they allege a violation of the Racketeer Influenced Corrupt Organizations Act under 18 U.S.C. § 1962(a), a violation of the Fair Credit Reporting Act, violations of New York General Business Law § 349, and conspiracy to defraud. (Complaint ("Compl.") at 5, 10, 14-15, 17). Additionally, the complaint lists several other alleged violations of various state and federal laws (Compl. at 5), and asks the Court to quiet title to plaintiffs' property at 24 Dogwood Drive, Middletown, New York and award other relief (Compl. at 21). The named defendants are Bank of America, N.A., JPMorgan Chase Bank, N.A. ("JPMorgan"), the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, (the "FDIC"), Mortgage Electronic Registrations Systems, Inc. ("MERS"), and the Federal National Mortgage Association ("Fannie Mae").

After removal to this Court, the defendants moved to dismiss all claims. The Honorable Alison J. Nathan, U.S.D.J., denied the motions with respect to the plaintiffs' claims to quiet title and for declaratory relief, and dismissed all other claims. Nials v. Bank of America, No. 13 Civ. 5720, 2014 WL 2465289, at *6 (S.D.N.Y.

May 30, 2014); <u>Nials v. Bank of America</u>, No. 13 Civ. 5720, 2014 WL 1174504 at *10 (S.D.N.Y. March 21, 2014).   The case was then referred to me for general pretrial supervision.

A pretrial conference was held on August 4, 2014, and I ordered that all discovery be completed by December 31, 2014. (Order dated Aug. 4, 2014).   On September 11, 2014, defendants JPMorgan, MERS, and Fannie Mae served on the plaintiffs a request to produce documents along with a first set of interrogatories.   A response was due on or before October 31, 2014.   (Letter of Anthony W. Vaughn, Jr. dated Nov. 10, 2014 ("Vaughn 11/10/14 Letter")). The plaintiffs failed to respond, and the defendants submitted a letter dated November 10, 2014, asking for assistance in obtaining relevant discovery materials.   (Vaughn 11/10/14 Letter).   By Memorandum Endorsement, I directed the plaintiffs to answer the defendants' first set of interrogatories and to produce documents no later than January 9, 2015.   Further, I indicated that failure to comply by that date would result in the dismissal of the complaint, and that any objections to the discovery requests were deemed waived.   (Memorandum Endorsement dated Dec. 18, 2014).

The defendants served the plaintiffs with a copy of my December 18 order via Federal Express, and on January 9, 2015, the plaintiffs submitted a letter to defense counsel.   (Letter of Anthony W. Vaughn, Jr. dated Jan. 12, 2015 ("Vaughn 1/12/15

3

Letter") at 1-2). That document consisted of five sentences and stated that the plaintiffs "do not have any documents." (Letter of Shamaine and Matthew Nials dated Jan. 9, 2015 ("Nials 1/9/15 Letter"), attached to Notice of Appearance). On January 12, 2015, JPMorgan submitted a letter motion to dismiss. I ordered the plaintiffs to answer that motion by January 30, 2015. (Order dated Jan. 14, 2015). The defendants served the plaintiffs with a copy of my January 14 order via Federal Express. (Letter of Anthony W. Vaugh, Jr. dated Feb. 6, 2015 ("Vaughn 2/6/15 Letter")). The plaintiffs did not respond, and the defendants moved to dismiss for failure to answer the motion and for failure to comply with the discovery order. (Vaughn 2/6/15 Letter).

<u>Discussion</u>

Rule 16 of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Rule 37, in turn, authorizes dismissal of the action as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Dismissal under Rule 41(b) is a "harsh remedy that [is]

appropriate only in extreme circumstances." Spencer v. Doe, 139

F.3d 107, 112 (2d Cir. 1998) (internal quotation marks omitted);

accord Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993).

When the plaintiffs are proceeding pro se, the court should be

particularly hesitant to dismiss the action on the basis of a

failure to follow proper procedures. See Spencer, 139 F.3d at 112.

Nevertheless, "all litigants, including pro ses, have an obligation

to comply with court orders.  When they flout that obligation they,

like all litigants, must suffer the consequences of their actions."

McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121,

124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts

consider the record as a whole and the following factors:

> (1) the duration of the plaintiff's failure to comply
> with the court order; (2) whether the plaintiff was on
> notice that failure to comply would result in dismissal;
> (3) whether the defendants are likely to be prejudiced by
> further delay in the proceedings; (4) a balancing of the
> court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be
> heard; and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13; accord Peart, 992 F.2d at 461.

Here, the plaintiffs have twice failed to respond

substantively to properly served interrogatories and document

requests.  Even if, as they suggest, they do not possess responsive

documents, this does not excuse the failure even to answer

interrogatories some seven months after they were served. Additionally, they have failed to answer the motion to dismiss. Discovery was ordered to be completed by December 31, 2014 (Order dated Aug. 4, 2014), yet there is no end in sight to the current delay, since the plaintiffs appear unwilling or unable to provide the requested information.

The plaintiffs received explicit notice of the consequences of their failure to cooperate in discovery. In my Memorandum Endorsement dated December 18, 2014, I advised them that failure to answer the first set of interrogatories and provide the requested documents would result in dismissal. They failed to respond to my warning other than by stating that they "do not have any documents." (Nials 1/9/15 Letter). Moreover, they did not respond in any way to the defendants' motion to dismiss. By so doing, the plaintiffs have failed to dispute that they were notified of the consequences of their continued failure to cooperate in discovery; this weighs in favor of dismissal. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiffs' refusal to cooperate with discovery requests is clearly prejudicial. See, e.g., Dozier v. Quest Diagnostics Inc., No. 09 Civ. 9941, 2010 WL 5393482, at *3 (S.D.N.Y. Dec. 8, 2010) (case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's

discovery requests); <u>Mathews v. U.S. Shoe Corp.</u>, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (same). The plaintiffs' non-compliance has left the defendants unable even to begin to prepare this case, since the requested discovery would provide the basic information necessary to proceed.

A balancing of the Court's interest in efficient adjudication and the plaintiffs' interest in having their day in court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, the plaintiffs' claim on the Court's time is undermined by their failure to comply with my orders and their discovery obligations under the Federal Rules. <u>See</u> <u>Lediju v. New York City Department of Sanitation</u>, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997) (finding factor to weigh in favor of dismissal where plaintiff was "afforded every opportunity to litigate his claim"); <u>Lukensow v. Harley Cars of New York</u>, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (finding factor to favor dismissal due to "a complete lack of prosecutorial activity . . . for two years").

Finally, no sanction short of dismissal is appropriate. In a case where a party's delay has only caused the adversary to incur expenses, monetary sanctions may be sufficient. But here, in addition to expending the time and effort to move to compel discovery, the defendants have suffered prejudice in their ability

to prepare for trial.  While an adverse inference might in some circumstances be a sufficient remedy, that is not the case here. The discovery that the plaintiffs have failed to produce goes to the heart of their case.  (First Set of Interrogatories to Plaintiffs & First Notice to Plaintiffs to Produce Documents from Defendants JP Morgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association, attached as Exh. 1 to Vaughn 11/10/14 Letter).

Conclusion

For the reasons set forth above, I recommend that the defendants' motion (Docket no. 45) be granted and the action be dismissed.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Alison J. Nathan, Room 2102, 40 Foley Square, New York, New York 10007 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           April 22, 2015

Copies mailed this date:

Matthew Nials
Shamaine Nials
24 Dogwood Dr.
Middletown, NY 10940

Suzane M. Berger, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104

Brian J. Markowitz, Esq.
Anthony W. Vaughn, Esq.
Parker Ibrahim & Berg LLC
270 Davidson Ave.
Somerset, NJ 08873